IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN M. THEIS, )
)
      Petitioner, )
)
v. ) No. 17 C 777
)
MICHAEL MELVIN, )
)
      Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner John M. Theis' (Theis) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

Theis was convicted in state court of three counts of predatory criminal sexual assault, and one count of aggravated criminal sexual abuse for abuse of a two-year old minor victim (S.C.). Theis was sentenced to three twenty year terms of imprisonment for predatory criminal sexual assault, and sentenced consecutively to five years imprisonment for aggravated criminal sexual abuse. Theis filed an appeal and his conviction was affirmed on appeal. Theis then filed a petition for leave to

1

appeal (PLA) with the Illinois Supreme Court, which was denied in March 2012. In December 2012, Theis filed a post-conviction petition, which was dismissed. Theis then filed an appeal, and the dismissal was affirmed. Theis subsequently filed a PLA, which was denied in November 2016. In January 2017, Theis filed the instant Petition. Respondent has filed an answer and opposes the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court

2

correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Theis' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Theis asserts in the Petition: (1) that he was deprived of due process, a fair and impartial jury trial, and the right to confront witnesses because his videotaped statement was admitted at trial (Claim 1), (2) that Theis' trial counsel was ineffective because he did not raise the issues presented in Claim 1 (Claim 2), (3) that Theis' trial counsel and appellate counsel were ineffective because counsel did not argue that S.C.'s out-of-court statements were inadmissible absent a finding that S.C. was unavailable (Claim 3), (4) that Theis' trial counsel was ineffective because counsel did not argue that S.C.'s out-of-court statements were inadmissible under the excited utterance exception (Claim 4), and (5) that Theis' appellate counsel was ineffective for failing to raise Claim 4 on appeal (Claim 5).

3

I. Claim 1

As indicated above, Theis argues in Claim 1 that he was deprived of due process, a fair and impartial jury trial, and the right to confront witnesses because his videotaped statement was admitted at trial. Respondent argues that Claim 1 is procedurally defaulted because the state court already ruled on this issue based on an independent and adequate state ground. A habeas claim is procedurally defaulted if "the state courts declined to address a petitioner's federal claims because the petitioner did not meet state procedural requirements." *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)(explaining that "[i]n those cases, the state court judgment rests on an independent and adequate state ground, and principles of comity and federalism dictate against upending the state-court conviction"). In the instant action, the record reflects that the Illinois Appellate Court found that Claim 1 was forfeited under state law because the issue was not raised in a post trial motion. (R. Ex. A 6). The record thus reflects that the Illinois Appellate Court ruled based upon an independent and adequate state ground and that Claim 1 is procedurally defaulted.

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claim 1. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th

Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Theis has not shown cause and prejudice. Nor has Theis shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

The court also notes that even if Claim 1 was not procedurally defaulted, it lacks any merit. As the Illinois Appellate Court correctly pointed out, the statements objected to by Theis were not inadmissible hearsay and were covered, in any case, by a hearsay exception. (R. Ex. A 6). Nor was the Confrontation Clause violated because the detective who questioned Theis testified at trial and was available for cross-examination. (R. Ex. A 7-8). Theis has not shown that any of his

constitutional rights were violated by the admission of the videotaped statement. Claim 1 thus lacks any merit.

II. Claim 2

As indicated above, Theis argues in Claim 2 that his trial counsel was ineffective because counsel did not raise Claim 1. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). As indicated above, Claim 1 lacked any merit. The statements in question were unquestionably admissible. Theis' counsel thus was not ineffective for declining to make such a frivolous argument. Theis' counsel also had discretion in regard to such strategic matters. *See also McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland*, 466 U.S. at 689). Finally, Theis has not shown that he suffered prejudice in light of the overwhelming evidence of his guilt. Claim 2 thus lacks any merit.

III. Claim 3

As indicated above, Theis argues in Claim 3 that his trial counsel and appellate counsel were ineffective because counsel did not argue that S.C.'s out-of-court statements were inadmissible absent a finding that S.C. was unavailable. Respondent has shown that S.C.'s statements were admitted as excited utterances. There is not an unavailability requirement for the excited utterance exception to the hearsay rule. *People v. Lisle*, 82, 877 N.E.2d 119, 132 (Ill. App. Ct. 2007). Theis' counsel thus was not ineffective for failing to raise Claim 3. Nor has Theis shown prejudice in regard to Claim 3. Claim 3 therefore clearly lacks any merit.

IV. Claims 4 and 5

As indicated above, Theis argues in Claims 4 and 5 that his trial counsel was ineffective because counsel did not argue that S.C.'s out-of-court statements were inadmissible under the excited utterance exception, and that Theis' appellate counsel was ineffective for failing to raise Claim 4 on appeal. The record reflects that S.C.'s statements were made when responding to questioning by S.C.'s mother when she observed abnormal behavior. Theis has not pointed to any clearly established precedent from the Supreme Court that holds that statements such as S.C.'s statements are testimonial. The Illinois Appellate Court properly concluded that counsel was not ineffective for failing to argue that the Confrontation Clause was violated by the admission of S.C.'s statements. Nor has Theis shown prejudice in regard to Claims 4 and 5, in light of the overwhelming evidence other than S.C.'s

statements that established Theis' guilt. Claims 4 and 5 thus lack any merit.

V. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Theis has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Theis shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Theis decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 24, 2017